# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| REIMON PEÑA RODRIGUEZ, <br> A208 973 311 <br>           Petitioner, <br><br> v. <br><br> JOSEPH D. MCDONALD, JR., Sheriff of Plymouth County,, <br>           Respondent. | C.A. No. _____ <br><br> **PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1. Petitioner, Reimon Peña Rodriguez, is currently being held unlawfully in federal immigration detention.

2. Petitioner is a member of the post-hearing class in *Pereira Brito v. Barr*, C.A. No. 19-11314 (D. Mass.).

3. In *Pereira Brito*, the court entered a Declaratory Judgment that class members are entitled to an immigration bond hearing that meets certain minimum constitutional standards. *See* C.A. No. 19-11314, 2019 WL 6333093, at *8 (D. Mass. Nov. 27, 2019).

4. Petitioner received a bond hearing that did not meet those minimum constitutional standards. The defects in the bond hearing included that the Court incorrectly found that the U.S. Department of Homeland Security met its burden in proving that Petitioner is a danger to the community. Petitioner was prejudiced by these errors.

1

5. Petitioner is consequently entitled to receive a new bond hearing that complies with the standards articulated in the Declaratory Judgment in *Pereira Brito*.

6. Petitioner respectfully requests that the Court order that Petitioner receive such a hearing within seven (7) calendar days of the Court's order, or else be released.

## PARTIES

7. Petitioner, Reimon Peña Rodriguez, is detained at the Plymouth County Correctional Facility, 26 Long Pond Rd in Plymouth, MA.

8. Respondent Joseph D. McDonald, Jr. is the Sheriff of Plymouth County.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 2241.

10. Venue lies in the District of Massachusetts because Petitioner is currently detained within this District.

## FACTS ALLEGED

11. Petitioner has been held in immigration detention since September 4, 2020.

12. Petitioner received a bond hearing on September 28, 2020.

13. At the conclusion of the bond hearing, the Immigration Court ordered that Petitioner remain in immigration custody during the pendency of his Removal Proceedings.

14. Petitioner is a member of the post-hearing class in *Pereira Brito v. Barr* because Petitioner is currently detained in Massachusetts pursuant to 8 U.S.C. § 1226(a) and has already received a bond hearing. *See* 395 F. Supp. 3d 135, 149 (D. Mass.) (class certification order); *see also* 2019 WL 6333093, at *5 (modifying class definition to add additional basis for relief).

15. On November 27, 2019, the court in *Pereira Brito* entered a Declaratory Judgement that, for members of the post-hearing class, the Due Process Clause of the Fifth Amendment to the U.S. Constitution requires that:

> [A]liens detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which the Government must prove the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence and that no condition or combination of conditions will reasonably assure the alien's future appearance and the safety of the community. At the bond hearing, the immigration judge must evaluate the alien's ability to pay in setting bond above $1,500 and must consider alternative conditions of release, such as GPS monitoring, that reasonably assure the safety of the community and the alien's future appearances.

*See* 2019 WL 6333093, at *8 (D. Mass. Nov. 27, 2019).

16. Petitioner's bond hearing did not meet the standards required by the Declaratory Judgment in *Pereira Brito*. Among other defects, the Court incorrectly applied the burden of proof in finding that the U.S. Department of Homeland Security proved that Petitioner was a danger to the community.

17. Petitioner is entitled to a new bond hearing if Petitioner was prejudiced by the errors in the bond hearing. *See* 395 F. Supp. 3d at 147-49; 2019 WL 6333093, at *7. Prejudice exists whenever the result of the bond hearing *could* have been different if the Immigration Court had used the correct standards and procedures. *See* 395 F. Supp. 3d at 147-49; *see also Doe v. Tompkins*, C.A. No. 18-12266, 2019 U.S. Dist. LEXIS 22616, at *3-4 (D. Mass. Jan. 29, 2019); *Pensamiento v. McDonald*, 315 F. Supp. 3d 684, 693 (D. Mass. 2018).

18. Here, if the Immigration Court had used the correct standards and procedures, the result could have been different. The Immigration Court could have found that Petitioner's criminal record did not show he was a danger to the community because his only conviction is from 2013. The remainder of his cases were all dismissed or resulted in a not guilty finding after a

jury trial. The Immigration Court also could have found that Petitioner's strong family and community ties, namely the presence of his U.S. citizen wife, as well as immediate eligibility for adjustment of status showed that he not only was not a flight risk, but also had great incentive and support to appear for all future proceedings. And, finally, the Immigration Court could have found that some combination of conditions, such as GPS monitoring, couple with Petitioner's family and community ties, could have been enough to reasonably assure the alien's future appearance and the safety of the community.

19. Consequently, Petitioner was prejudiced by the errors in the bond hearing and is entitled to a new bond hearing that complies with the minimum constitutional standards articulated in *Pereira Brito*.

## CLAIM FOR RELIEF

## COUNT I – WRIT OF HABEAS CORPUS

20. Petitioner's detention is unlawful and violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution because Petitioner has not received a bond hearing at which (a) the Court holds the Government to the standard of proving that the alien is dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence and that no condition or combination of conditions will reasonably assure the alien's future appearance and the safety of the community; and (b) the immigration judge must evaluate the alien's ability to pay in setting bond above $1,500 and must consider alternative conditions of release, such as GPS monitoring, that reasonably assure the safety of the community and the alien's future appearances.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner asks this Court to GRANT the following relief:

1. A writ of habeas corpus requiring that Petitioner be released unless Petitioner receives, within seven (7) calendar days, a bond hearing that complies with the requirements articulated in *Pereira Brito*; and

2. Any further relief this Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| 09/29/2020 | /s/Eduardo A. Masferrer |
| Date | Eduardo A. Masferrer, Esq. |
| | BBO# 644623 |
| | Masferrer & Associates, P.C. |
| | 45 Bromfield Street, 5th Floor |
| | Boston, MA 02108 |
| | (617) 531-0135 |

## **CERTIFICATE OF SERVICE**

I, Eduardo A. Masferrer, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic filing (NEF).

/s/
Eduardo A. Masferrer